# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| **BASSFIELD IP LLC,** | C.A. No. 6:21-cv-1355 |
| Plaintiff, | |
| v. | **JURY TRIAL DEMANDED** |
| **7-ELEVEN, INC.,** | **PATENT CASE** |
| Defendant. | |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Bassfield IP LLC files this Original Complaint for Patent Infringement against 7-Eleven, Inc., and would respectfully show the Court as follows:

## I. THE PARTIES

1. Plaintiff Bassfield IP LLC ("Bassfield" or "Plaintiff") is a Texas limited liability company having an address at 6009 W Parker Rd, Ste 149 - 1086, Plano, TX 75093.

2. On information and belief, Defendant 7-Eleven, Inc., ("Defendant" or "7 Eleven") is a corporation organized and existing under the laws of Texas, and a place of business at 613 Congress Avenue, Austin, Texas 78701. Defendant has a registered agent at Corporate Creation Network Inc., 5444 Westheimer #1000, Houston, Texas 77056.

## II. JURISDICTION AND VENUE

3. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction of such action under 28 U.S.C. §§ 1331 and 1338(a).

4. On information and belief, Defendant is subject to this Court's specific and general personal jurisdiction, pursuant to due process and the Texas Long-Arm Statute, due at least to its business in this forum, including at least a portion of the infringements alleged herein, at 613

Congress Avenue, Austin, Texas 78701, 2500 Franklin Ave, Waco, TX 76710, and 2401 Robinson Dr, Waco, TX 76706, and 1801 S New Rd, Waco, TX 7671. Furthermore, Defendant is subject to this Court's specific and general personal jurisdiction because Defendant is a Texas corporation.

5. Without limitation, on information and belief, within this state, Defendant has used the patented inventions thereby committing, and continuing to commit, acts of patent infringement alleged herein. In addition, on information and belief, Defendant has derived revenues from its infringing acts occurring within Texas. Further, on information and belief, Defendant is subject to the Court's general jurisdiction, including from regularly doing or soliciting business, engaging in other persistent courses of conduct, and deriving substantial revenue from goods and services provided to persons or entities in Texas. Further, on information and belief, Defendant is subject to the Court's personal jurisdiction at least due to its sale of products and/or services within Texas. Defendant has committed such purposeful acts and/or transactions in Delaware such that it reasonably should know and expect that it could be haled into this Court as a consequence of such activity.

6. Venue is proper in this district under 28 U.S.C. § 1400(b). On information and belief, Defendant is a Texas corporation and therefore resides only in Texas. On information and belief, from and within this District Defendant has committed at least a portion of the infringements at issue in this case.

7. For these reasons, personal jurisdiction exists, and venue is proper in this Court under 28 U.S.C. § 1400(b).

### III. COUNT I
### (PATENT INFRINGEMENT OF UNITED STATES PATENT NO. 6,641,053)

8. Plaintiff incorporates the above paragraphs herein by reference.

2

9. On November 4, 2003, United States Patent No. 6,641,053 ("the '053 Patent") was duly and legally issued by the United States Patent and Trademark Office. The '053 Patent is titled "Foreground/Background Document Processing with Dataglyphs." A true and correct copy of the '053 Patent is attached hereto as Exhibit A and incorporated herein by reference.

10. Bassfield is the assignee of all right, title, and interest in the '053 Patent, including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the '053 Patent. Accordingly, Bassfield possesses the exclusive right and standing to prosecute the present action for infringement of the '053 Patent by Defendant.

11. The invention in the '053 Patent relates to the field of systems and methods for creating documents containing encoded data and human-readable data, and to devices and methods for encoding and decoding documents containing machine readable text overlaid with human-readable content and graphics. (Ex. A at 1:31-36). The object of the invention is to provide an efficient method for integrating machine-readable information with human-readable information. (*Id.* at 2:38-49).

12. Prior art electronic document processing systems included input scanners for capturing the human readable information allowing users to manipulate electronic documents and printers for producing the manipulated hardcopy versions of the document. (*Id.* at 1:40-47). These systems were typically connected to convenient to access mass memory and local area networks allowing for multiple users to access the electronic documents (*Id.* at 1:47-54).

13. At the time of invention, no universal interchange standard for losslessly interchanging structured electronic documents existed, with plain text ASCII encoding becoming the de facto interchange standard, however it was limited in its utility for representing structed electronic documents. (*Id.* at 1:57-65). Additional methods existed but were system specific,

3

employing embedded control codes for supplementing ASCII encodings to define the logical structures of electronic documents allowing such documents to be formatted in accordance with selected variables such as font styles and sizes, line and paragraph spacings, and more. (*Id*. at 1:65-2:9). Therefore, it was important when transporting electronic documents from one system to another was the ability of the target system to interpret the encoding format that the source system used. (*Id*. at 2:17-22).

14. Prior art methods for transporting documents included printing digital data, on a recording medium like plain paper, so optical readers could upload the data into electronic document processing systems. (*Id.* at 2:30-38). This method would have the machine-readable codes printed at various locations on one hardcopy and on a separate copy, the human-readable content of the same document at a separate location. (*Id.* at 2:38-41). The approach of having machine readable content at separate locations from human-readable content has its drawbacks because the amount of machine-readable information that may be stored on a page is more limited since the areas for storing machine-readable information may not overlap with the human-readable information. (*Id.* at 2:51-55). Therefore, the inventors recognized the importance of could better integrate machine-readable content with human-readable content in an efficient manner. (*Id.* at 3:7-23). With that in mind, the inventors created a method using background glyph codes with an integrated human-readable image that does not interfere with the decoding of the glyph codes. (*Id.* at 3:12-23).

15. **Direct Infringement.** Upon information and belief, Defendant has been directly infringing claim 1 of the '053 Patent in Texas, and elsewhere in the United States, by performing a method for producing machine-readable and human-readable documents Defendant's composite machine-readable and human read-able document ("Accused Instrumentality"):

 

16. As shown below, 7 Eleven uses the Accused Instrumentality for displaying job opportunities. The 7 Eleven QR code is a composed of machine readable (e.g., the glyph blocks that make up the QR code) and human readable components (e.g., the 7 Eleven logo in the middle of the QR code).

 

17. 7 Eleven generates a background image on a substrate (e.g., the printing of the scannable portion of a QR code on a menu/sticker/etc.), said background image comprising coded glyphtone cells based on grayscale image data values, each of said halftone cells comprising one

5

of at least two distinguishable patterns (e.g., the scannable part of the QR code is represented in grayscale wherein each cell is either black or white).

18. 7 Eleven composites the background image (e.g., the scannable portion of the QR code) with a second image (e.g., the 7 Eleven logo composited on top of the scannable QR code) such that two or more adjacent visible halftone cells may be decoded (e.g., the visible cells of the QR code surrounding the composited logo are still scannable for decoding) and the second image may be viewed (e.g., the 7 Eleven logo is viewable).

19. Plaintiff has been damaged as a result of Defendant's infringing conduct. Defendant is thus liable to Plaintiff for damages in an amount that adequately compensates Plaintiff for such Defendant's infringement of the '053 Patent, *i.e.*, in an amount that by law cannot be less than would constitute a reasonable royalty for the use of the patented technology, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

20. The claims of the '053 Patent are method claims to which the marking requirements are not applicable. Plaintiff has therefore complied with the marking statute.

## V. JURY DEMAND

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court find in its favor and against Defendant, and that the Court grant Plaintiff the following relief:

    a.    Judgment that one or more claims of United States Patent No. 6,641,053 have been infringed, either literally and/or under the doctrine of equivalents, by Defendant;

    b.    Judgment that Defendant account for and pay to Plaintiff all damages to and costs incurred by Plaintiff because of Defendant's infringing activities and other conduct

  complained of herein, and an accounting of all infringements and damages not presented at trial;

c. That Plaintiff be granted pre-judgment and post-judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein; and

d. That Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

December 23, 2021          Respectfully Submitted,

                  /s/ David R. Bennett
                 David R. Bennett
                 (*Admitted to the U.S. Dist. Ct. for the W.D. Texas*)
                 Direction IP Law
                 P.O. Box 14184
                 Chicago, IL 60614-0184
                 (312) 291-1667
                 dbennett@directionip.com

                 *Attorneys for Plaintiff Bassfield IP LLC*